UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARRON M. DEWERFF,

Plaintiff,

v.

VILLAGE OF EAST ALTON, *et al.*,

Defendants.

No. 26-cv-1387-JPG

**ORDER TO SHOW CAUSE**

This matter comes before the Court on Plaintiff's Motion for Leave to File Electronically (Doc. 7) and for case management. On October 15, 2026, the Court granted Plaintiff access to the ECF system for this case and designated him as a Pro Se Filing User. (Doc. 5). The Court advised Plaintiff that he had 14 days to complete his enrollment for use of CM/ECF in the Southern District of Illinois by obtaining a personal PACER account. He was warned that if he failed to complete this process within 14 days, the permission to e-file would be revoked without further notice or warning. On that same day, the Court advised Plaintiff that the Complaint (Doc. 2) was not double-spaced as required by SDIL-LR 5.1(a) and ordered him to file an amended complaint that cures that deficiency by November 16, 2026. (Doc. 6).

Plaintiff failed to complete the registration process within the 14-day deadline, and his permission to e-file was, thus, automatically revoked. He further failed to file an amended complaint within the timeframe set by the Court. Instead, on November 16, 2026, he filed a second motion for permission to file documents electronically or for ruling on his earlier motion seeking the same. The motion states that Plaintiff is unaware whether the Court has ruled on his prior motion or whether any granted permission remains effective. It further states that Plaintiff did not understand that obtaining permission to file documents electronically required a separate registration process.

The Court is puzzled by Plaintiff's motion. Per the Court's record, the orders granting him access to ECF and directing him to file an amended complaint were mailed to Plaintiff's address of record on October 15, 2026. It is unclear why Plaintiff did not receive notice of those orders. Further, when Plaintiff submitted his original motion for e-filing authorization, he assured the Court that he had read the ECF Rules and Section V of the *Pro Se* Litigant Guide, which outline the registration process. The Court notes that Plaintiff also sought e-filing authorization to a separate action that he maintains before this Court, where he likewise failed to complete the registration process within the 14-day deadline set by the Court. The Court is thus hesitant to renew Plaintiff's permission for ECF-access without any further explanation for his repeated failure to comply with its orders.

Accordingly, Plaintiff's renewed request for e-filing authorization is **DENIED without prejudice**. Further, by **December 9, 2026**, Plaintiff must **SHOW CAUSE** in writing why this case should not be dismissed for his failure to comply with this Court's orders pursuant to the Court's inherent authority to manage its docket. *See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000); *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED: November 18, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**